**VENABLE LLP**
Marcella Ballard (*Pro Hac Vice* pending)
Email:      MBallard@venable.com
Gianna E. Cricco-Lizza
N.J. Bar No.: 900072012
Email:      GECricco-Lizza@Venable.com
1270 Avenue of the Americas, 25th Floor
New York, NY 10020
Telephone:      (212) 307-5500
Facsimile:      (212) 307-5598

*Attorneys for Plaintiffs AS America, Inc.,*
 *AS IP Holdco, LLC, and Safety Tubs Company, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AS AMERICA, INC.; AS IP HOLDCO, LLC; AND SAFETY TUBS COMPANY, LLC<br><br>                    Plaintiffs,<br><br><br>            v.<br><br><br>AMERICAN WALK-IN TUBS; AMERICAN WALK IN TUBS; AND AMERICA'S WALK IN TUBS<br><br>                    Defendant. | Case No. _____<br><br>**COMPLAINT FOR:**<br><br>**(1) False Designation of Origin and Unfair Competition (Lanham Act § 43(a), 15 U.S.C. § 1125(a))**<br><br>**(2) Statutory Unfair Competition Under N.J. Stat. Ann. § 56:4-1**<br><br>**(3) Unfair Competition Under New Jersey Common Law**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs AS America, Inc., AS IP Holdco, LLC, and Safety Tubs Company, LLC ("Plaintiffs"), by and through their attorneys, as and for their Complaint against American Walk-In Tubs, American Walk In Tubs, and America's Walk In Tubs ("Defendants"), allege and state as follows:

1

## NATURE OF THE ACTION

1.     This is an action for false designation of origin and unfair competition under federal and state law to prevent Defendants' willful efforts to cause confusion of consumers with Plaintiffs' United States federally registered AMERICAN STANDARD trademarks and SAFETY TUBS trademarks (collectively, the "Marks") in connection with the sale and production of bathtubs.

2.     Since as early as 1949, Plaintiff AS America, Inc., which used to be the American Standard Company, has continuously and exclusively used "AMERICAN STANDARD" as a name and mark in connection with bathtub products, among numerous other plumbing fixtures, and has routinely displayed the AMERICAN STANDARD mark prominently on bathtubs, and bathtub product packaging in order to make it easier for retailers and wholesaler distributors to attract customers, to facilitate sales, and to perform many other tasks.  Plaintiff AS America, Inc., owns American Standard's successor in interest as to the trademarks, Plaintiff AS IP Holdco, LLC.

3.     AMERICAN STANDARD is well-known to consumers in the bathtub and plumbing fixture market, and Plaintiff AS America, Inc., has amassed goodwill and a strong, positive reputation under the historic family of AMERICAN STANDARD marks.

4.     In 2010, Plaintiff AS America, Inc., acquired Safety Tubs, LLC, a privately held U.S. business specializing in the design, manufacturing, and installation of walk-in bathtubs for persons with limited mobility, including the elderly, obese and disabled.  Safety Tubs, LLC, operates as a subsidiary of American Standard Brands, called Safety Tubs Company, LLC.  Safety Tubs Company, LLC engages in direct to customer sales of these products.

5.     Since as early as 2004, Safety Tubs Company, LLC, and its predecessor in interest Safety Tubs, LLC, have continuously and exclusively used the trademark SAFETY TUBS as a

name and mark in connection with bathtubs products, and have routinely displayed the SAFETY TUBS mark prominently on bathtubs and bathtub product packaging in order to identify themselves and the brand with the products.

6.      Long after Plaintiffs began selling bathtubs under the world famous AMERICAN STANDARD marks including the SAFETY TUB mark in the United States, Defendants have taken steps to confuse the vulnerable, elderly consumers to whom such products are marketed.

7.       Defendants have sought to confuse these consumers into believing its products are associated with those of the Plaintiffs by:

     a.   Purchasing American Standard competitive key words for driving internet traffic;

     b.   On the website those keywords direct consumers to, falsely depicting its address at a location on Centennial Avenue in Piscataway, New Jersey, on the same street as the corporate headquarters of Plaintiffs;

     c.   Falsely telling consumers who call the number listed on the Defendants' websites that Defendants are "related to," "affiliated with" or "a sister company to" American Standard; and

     d.   Engaging in this conduct with the goal of capitalizing on the goodwill of the Marks.

8.      Defendants' willful efforts to mislead consumers, especially these vulnerable populations, is highly likely to cause widespread confusion.  Indeed, upon information and belief, the use has already caused actual confusion.

9.      Defendants' deliberate efforts to mislead consumers has caused and is also causing economic damage and irreparable harm to the Plaintiffs, and their goodwill under the Marks.

10.     Therefore, Plaintiffs bring the instant action for:

3

a.  False designation of origin and unfair competition in violation of Section 43 of the Lanham Act (15 U.S.C. § 1125(a));

b.  Unfair competition under New Jersey state law (N.J. Stat. Ann. § 56.4-1); and

c.  Unfair competition under New Jersey common law.

## THE PARTIES

### *The Plaintiffs*

11.   Plaintiff AS America, Inc. ("AS America") is a company organized and existing under the laws of Delaware, with its principal place of business at 1 Centennial Ave, Piscataway Township, New Jersey 08854.  Since the early 20th century, AS America, which includes its predecessor in interest American Standard Company, has been in the business of producing and selling bathtubs, and other bathroom fixture products in the United States.

12.   AS America is the exclusive licensee of the AMERICAN STANDARD marks in the United States in connection with bathtubs, among other plumbing fixtures.  AS America licenses the AMERICAN STANDARD marks from Plaintiff AS IP Holdco, a holding company maintained and owned by AS America.

13.   Plaintiff AS IP Holdco, LLC ("AS IP") is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 1 Centennial Ave, Piscataway Township, New Jersey 08854.  AS IP is a holding company of AS America, and the owner of the AMERICAN STANDARD marks in the United States in connection with bathtubs, among other plumbing fixtures.

14.   Plaintiff Safety Tubs Company, LLC ("Safety Tubs") is a company organized and existing under the laws of Delaware, with its principal place of business at 1 Centennial Ave,

Piscataway Township, New Jersey 08854.  Plaintiff Safety Tubs is the registrant of the SAFETY

TUBS mark in the United States in connection with bathtubs, among other plumbing fixtures.

*The Defendants*

15.     On information and belief, Defendant American Walk In Tubs is a company

organized and existing under the laws of the State of New Jersey with an address at 2901

Brunswick Pike, Lawrenceville, New Jersey 08648.

16.     On information and belief, Defendant American Walk-In Tubs is a company

organized and existing under the laws of the State of New Jersey with addresses at 13 New

Brooklyn Road, Edison, New Jersey 08817-2272 and 1308 Centennial Avenue, #298, Piscataway,

New Jersey 08854-4324.

17.     On information and belief, Defendant America's Walk In Tubs is a company

organized and existing under the laws of the State of Pennsylvania with an address at 144 Penns

Grant Drive, Morrisville, Pennsylvania 19067.  Defendant America's Walk In Tubs has registered

as a foreign limited liability company in New Jersey, with a registered address at 2901 Brunswick

Pike, Lawrenceville, New Jersey 08648.

18.     On information and belief, the actions alleged herein to have been undertaken by

Defendants, were actions that Defendants caused to occur, were actions that Defendants

authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were

actions in which Defendants assisted, participated, or otherwise encouraged, and are actions for

which Defendants are liable.

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction over Plaintiffs' Lanham Act claims

against Defendants pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, as this is an

action arising under the laws of the United States and relating to trademarks.  This Court has subject matter jurisdiction over the New Jersey state and common law claims pursuant to 28 U.S.C. § 1338(b), and 28 U.S.C. § 1367(a), as those claims are part of the same case or controversy as the federal claims alleged herein.

20.     The Court has personal jurisdiction over the Defendants as the Defendants, on information and belief, have had continuous, systematic, and substantial contacts within the state of New Jersey, including doing business in New Jersey.

21.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2). Defendants have directed tortious acts at Plaintiffs in this District, and have committed tortious acts that they knew or should have known would cause injury to Plaintiffs in New Jersey.  On information and belief, without limitation, a substantial portion of the events giving rise to the Plaintiffs' false designation and unfair competition claims occurred here, within New Jersey. Plaintiffs do business in New Jersey, including selling their goods in New Jersey.  Defendants have purposefully directed advertising, promotions, and marketing into the state of New Jersey, specifically in Piscataway, New Jersey, targeting New Jersey consumers under the infringing AMERICAN WALK-IN TUBS mark, and falsely associating itself with Plaintiffs' goodwill.

**FACTUAL BACKGROUND**

*AMERICAN STANDARD and Bathtub Products*

22.     AS America is a historic company that produces and sells innovative bathroom and kitchen products.

23.     Since the early 20th century, AS America has produced high quality bathroom products and fixtures that have set the standard for innovation, and safety in the bathroom fixture

6

industry in the United States. This proud legacy has made AS America one of the most well-known and trusted brands in the industry.

24.     AS America's bathroom products are diverse, including, but not limited to, toilets, sinks, faucets, bathtubs, and showers.

25.     There are varied types of consumers of AS America's bathroom products, who seek out its products for the innovative safety and comfort features, as well as beautiful aesthetic qualities.

26.     AS America produces many different types of bathtubs, including freestanding tubs, air baths, whirlpool tubs, alcove, tubs, and walk-in tubs.

27.     Its walk-in bathtubs are produced in many different models, catering to its customers' various safety needs, comfort needs, and aesthetic tastes.

28.     AS America's walk-in tubs are sought after for their safety features.  They are safe for active seniors, elderly people, and disabled people with limited mobility allowing consumers to maintain their independence while bathing.

29.     AS America's and its subsidiary Safety Tubs' bathtubs are advertised, promoted, marketed, and sold in the United States through various retailers in stores, and online under the world famous Marks.

30.     As a result of its efforts, AS America has developed a strong, positive reputation as a leader in the bathtub and plumbing fixture industry for selling high-quality, safe bathtub products, which are closely and inextricably tied with the Marks.

31.     AS America is the exclusive licensee of the AMERICAN STANDARD marks in the United States, and the predecessor in interest to AS IP, the owner and successor of all rights, interest, and goodwill in the United States federally registered AMERICAN STANDARD marks.

*The AMERICAN STANDARD Marks*

32.     Since 1946 AS America and its successor in interest AS IP have continuously and pervasively used AMERICAN STANDARD as a mark in commerce in the United States in connection with the sale of bathtubs, faucets, drains, shower nozzles, toilet bowls, lavatories, urinals, bidets, whirlpool bathtubs and kitchen sinks, among other plumbing fittings.

33.     AS America has used the AMERICAN STANDARD marks to distinguish its innovative goods from those offered by competitors.  As a result, the public has come to associate the AMERICAN STANDARD marks with the high quality industry leading bathtubs and plumbing fixtures that AS America offers.

34.     On March 16, 1973, AS America filed for U.S. federal trademark registration of the AMERICAN STANDARD word mark for plumbing fittings, and the mark was registered on the Principal Register on May 28, 1974 (U.S. Registration Number 0984831).

35.     Since then, the family of AMERICAN STANDARD marks has grown significantly with respect to plumbing fittings, and plumbing fixtures.

36.     On October 11, 1988, AS America filed for U.S. federal trademark registration of the AMERICAN STANDARD word mark for "plumbing fixtures, namely lavatories, toilet bowls, toilet tanks, bathtubs, shower stalls, urinals, bidets, wash hand basins, vanity basins and kitchen sinks; and plumbing sittings, namely, faucets, drains and nozzles."  The mark was registered on the Principal Register on May 9, 1989 (U.S. Registration Number 1538079), and is depicted as follows:



37.     On February 6, 1998, AS America filed for U.S. federal trademark registration of the AMERICAN STANDARD word mark for "plumbing fittings, namely faucets, drains, shower nozzles and plumbing fixtures, namely toilet bowls and tanks, lavatories, bathtubs, urinals, bidets, whirlpool bathtubs and kitchen sinks." The mark was registered on April 13, 1999, on the Principal Register (U.S. Registration No. 2238711).

38.     On July 23, 2013, AS IP filed for U.S. federal trademark registration of the AMERICAN STANDARD word and design mark for "plumbing fixtures, namely, lavatories, toilet bowls, toilet tanks, bathtubs, shower stalls, urinals, bidets, hand wash basins in the nature of sinks, vanity basins in the nature of sinks, and kitchen sinks; plumbing fittings, namely, faucets, bathtub spouts and shower heads." The mark was registered on February 25, 2014 on the Principal Register (U.S. Registration Number 4488466), and is depicted as follows:



39.     On July 24, 2013, AS IP filed for U.S. federal trademark registration of the AMERICAN STANDARD word and design mark for "plumbing fixtures, namely, lavatories, toilet bowls, toilet tanks, bathtubs, shower stalls, urinals, bidets, hand wash basins in the nature of sinks, vanity basins in the nature of sinks, and kitchen sinks; plumbing fittings, namely, faucets, bathtub spouts and shower heads." The mark was registered on February 25, 2014 on the Principal Register (U.S. Registration Number 4488500), and is depicted as follows:



40.     On July 24, 2013, AS IP filed for U.S. federal trademark registration of the AMERICAN STANDARD word and design mark for "plumbing fixtures, namely, lavatories,

toilet bowls, toilet tanks, bathtubs, shower stalls, urinals, bidets, hand wash basins in the nature of

sinks, vanity basins in the nature of sinks, and kitchen sinks; plumbing fittings, namely, faucets,

bathtub spouts and shower heads." The mark was registered on February 25, 2014 on the Principal

Register (U.S. Registration Number 4488506), and is depicted as follows:



41.     On July 24, 2013, AS IP filed for U.S. federal trademark registration of the

AMERICAN STANDARD word and design mark for "plumbing fixtures, namely, lavatories,

toilet bowls, toilet tanks, bathtubs, shower stalls, urinals, bidets, hand wash basins in the nature of

sinks, vanity basins in the nature of sinks, and kitchen sinks; plumbing fittings, namely, faucets,

bathtub spouts and shower heads." The mark was registered on February 25, 2014 on the Principal

Register (U.S. Registration Number 4488507), and is depicted as follows:



42.     On July 24, 2013, AS IP filed for U.S. federal trademark registration of the

AMERICAN STANDARD word and design mark for "plumbing fixtures, namely, lavatories,

toilet bowls, toilet tanks, bathtubs, shower stalls, urinals, bidets, hand wash basins in the nature of

sinks, vanity basins in the nature of sinks, and kitchen sinks; plumbing fittings, namely, faucets,

bathtub spouts and shower heads." The mark was registered on February 25, 2014 on the Principal

Register (U.S. Registration Number 4488508), and is depicted as follows:



43.     On July 24, 2013, AS IP filed for U.S. federal trademark registration of the AMERICAN STANDARD word and design mark for "plumbing fixtures, namely, lavatories, toilet bowls, toilet tanks, bathtubs, shower stalls, urinals, bidets, hand wash basins in the nature of sinks, vanity basins in the nature of sinks, and kitchen sinks; plumbing fittings, namely, faucets, bathtub spouts and shower heads." The mark was registered on February 25, 2014 on the Principal Register (U.S. Registration Number 4488510), and is depicted as follows:



44.     On March 13, 2013, AS IP filed for U.S. federal trademark registration of LIBERATION BY AMERICAN STANDARD for "bathtub surrounds; bathtubs; faucets; shower surrounds; showers; sinks" and toilets. The mark was registered on September 23, 2014 on the Principal Register (U.S. Registration Number 4610569).

45.     On April 8, 2013, AS IP filed for U.S. federal trademark registration of the DXV AMERICAN STANDARD word and design mark for plumbing fittings, namely, faucets, drains, shower nozzles and plumbing fixtures, namely, toilet bowls and tanks, sinks, lavatories, bathtubs, bathtub surrounds showers, shower surrounds, urinals, and bidets. The mark was registered on October 14, 2014 on the Principal Register (U.S. Registration Number 4621912), and is depicted as follows:



46.     Currently, AS IP owns U.S. Registration Numbers 0984831, 1538079, 2238711, 4488466, 4488500, 4488506, 4488507, 4488508, 4488510, 4610569, and 4621912 (the "AMERICAN STANDARD marks").

47.     AS America is the exclusive licensee of the AMERICAN STANDARD marks in the United States.

48.     The AMERICAN STANDARD marks have continuously and exclusively been used in commerce by AS America, and its successor in interest AS IP since their registration.

49.     As a result of their continuous and exclusive use, the AMERICAN STANDARD marks have become well-known, and have amassed tremendous goodwill in the bathroom fixture and plumbing industry.

*The SAFETY TUBS Mark*

50.     Since 2004, Safety Tubs and its predecessor in interest have continuously and pervasively used SAFETY TUBS as a mark in commerce in the United States in connection with the sale of bathtubs and bathtub enclosures.

51.     Safety Tubs has used the SAFETY TUBS mark to distinguish its innovative goods from those offered by competitors.  As a result, the public has come to associate the SAFETY TUBS mark with the high quality industry leading bathtubs and plumbing fixtures that Safety Tubs offers.

52.    On November 22, 2002, Safety Tubs filed for U.S. federal trademark registration of the SAFETY TUBS word mark for bathtubs and bathtub enclosures, and the mark was registered on the Principal Register on April 19, 2005 (U.S. Registration Number 2942586).

53.    Safety Tubs markets its products through the website www.getliberation.com, where consumers can see current offers and find out more information about the products offered by American Standard and Safety Tubs.

*Plaintiffs and Defendants Market the Similar Products to the Same Customers*

54.    Defendant's bathtub products are almost identical to those sold by Plaintiffs.

55.    Among various styles, Plaintiffs sell bathtubs in the walk-in bathtubs style.

56.    Depicted below are Safety Tubs, advertised with the SAFETY TUBS mark prominently displayed:



57.     Depicted below is an example of an AS America walk-in tub product, on which the AMERICAN STANDARD mark is prominently displayed:



58.     Defendants also sell walk-in bathtubs.

59.     Depicted below is an example of Defendants' Liberty Series Walk-In Bathtub, which is marketed on their website: www.americanwalkintubs.com/walk-in-tubs/liberty/:



60.     On information and belief, Plaintiffs' and Defendants' products are marketed and sold through some of the same trade channels.

14

61.     For example, both AS America and Defendants advertise, market, and promote their respective walk-in tubs on the internet, using search key words to direct internet traffic to their respective websites advertising, marketing, and promoting their respective products.

62.     AS America's walk-in bathtubs are marketed and sold to the elderly and disabled. AS America's walk-in tubs have safety features that enable the elderly and disabled to maintain independence while bathing.

63.     On information and belief, Defendants' bathtubs also are geared towards the same market as the Plaintiffs'. Specifically, the Defendants' walk-in tubs claim safety features for the elderly and disabled that would allow customers to maintain independence while bathing.

64.     Elderly consumers belong to a class of people that is susceptible to fraudulent sellers intending to mislead consumers about the origin of their products, and accordingly, they have received special protections from state legislatures and consumer protection bureaus in recognition of their vulnerable status. *See, e.g.*, N.J. Stat. § 56:8-105 (2016) (relating to certain home improvement loans and holding it to be "an unlawful practice for a person to make a home solicitation of a consumer who is a senior citizen where a loan is made encumbering the primary residence of that consumer for the purposes of paying for home improvements and where the transaction is part of a pattern or practice in violation of either subsection (h) or (i) of 15 U.S.C. § 1639 or subsection (e) of 12 C.F.R. 226.32."); N.J. Stat. § 56:8-104 (2016) (providing definitions relative to certain loans for senior citizens and defining the term "Senior citizen" to mean "an individual who is 60 years of age or older").

*Defendant's Willful False Designation of Origin*

65.     On or about September 2016, Plaintiffs discovered that Defendants had begun to aggressively bid on Google keywords concerning AMERICAN STANDARD as it relates to walk-

in tubs and baths in order to sell AS America's bathtub products, and walk-in bathtubs, including, *inter alia*, the term "American Standard walk in tubs."

66.     Thus, when consumers (including the elderly) searched on the internet for ***American Standard branded*** walk-in tubs products, Defendants' website (www.americanwalkintubs.com) would be listed prominently in the search results.

67.     For decades AS America's headquarters has been located at 1 Centennial Avenue, Piscataway Township, NJ 08854.  More recently, Safety Tubs and AS IP have also been located in this same town, at the same address:  Safety Tubs Company, LLC and AS IP Holdco, LLC are located at 1 Centennial Avenue, Piscataway, NJ 08854. *See supra*, at paragraphs 11-14.

68.     AS America's address in Piscataway, New Jersey is well-known.

69.     On or about September 2016, Plaintiffs discovered that Defendants have listed their business on various websites as being located at 1308 Centennial Avenue, Piscataway, New Jersey 08854, as can be seen on the true and correct copies of Defendants' listings, provided herewith as Exhibit A, which are incorporated herein by reference.

70.     Defendants' listing on Centennial Avenue in Piscataway, New Jersey is in the same town and on the same street as AS America's long-standing headquarters.

71.     On information and belief, Defendants are not located at 1308 Centennial Avenue, Piscataway, New Jersey 08854.

72.     On information and belief, a nail salon, not Defendants, is located at that address.

73.     A true and correct screenshot depicting a nail salon occupying 1308 Centennial Avenue, Piscataway, New Jersey 08854 is attached as Exhibit B, and incorporated herein by reference.

74.     Defendants' false use of 1308 Centennial Avenue, Piscataway, New Jersey 08854 as their address is a willful attempt to trick consumers into believing they are associated with AS America and to capitalize on the goodwill that the historic AMERICAN STANDARD marks have amassed.

75.     Further compounding this deliberate effort to confuse consumers, when consumers have called the number listed on Defendants' website seeking more information, Defendants' sales people have identified themselves as affiliated with, related to, or a sister company of "American Standard."

76.     Defendants' purchase of keywords relating to AMERICAN STANDARD and walk-in tubs, as well as their false listing of an address on the same street as AS America, AS IP, and Safety Tubs and their false statements that they are associated with "American Standard" are attempts to take advantage of a vulnerable class of consumers utilizing the goodwill of the Marks to mislead consumers regarding the origin of its products.

77.     On information and belief, Defendants' conduct has resulted in at least one instance of consumer confusion with respect to whether Defendants and/or their goods were affiliated with or were sourced from AS America.

## **FIRST CAUSE OF ACTION**

**False Designation of Origin and Unfair Competition - Lanham Act § 43(a)**

(15 U.S.C. § 1125(a))

78.     Plaintiffs repeat and re-allege the allegations set forth above as though fully set forth herein.

79.     Plaintiffs advertise, market, and promote their established bathtub products under the well-known and historic Marks.  These Marks are the means by which consumers, particularly the elderly and disabled, distinguish AS America's products from the products of others.

80.     Defendants' conduct described above is a false designation of origin that is likely to cause confusion, to cause mistake, and/or to deceive as to (a) the affiliation, connection, or association between Plaintiffs and Defendants, and/or (b) the origin, sponsorship, or approval of Defendants' products and services by Plaintiffs.

81.     At all relevant times, Defendants were aware of Plaintiffs' prior, exclusive rights in and to the Marks, and of the likelihood that consumers would become confused – not only with regard to source and origin – but the affiliation, connection, or association of the parties, or of Plaintiffs' approval or sponsorship of Defendants' products.

82. Defendants acted willfully and/or with willful blindness or reckless indifference to:

   a.   the fact that consumers would believe there is an affiliation, connection, or association of the parties, when there is not; or

   b.   the fact that consumers would believe that Plaintiffs approved or sponsored Defendants' products or services, when Plaintiffs did not.

83.     Plaintiffs have been, are, and will continue to be economically damaged and irreparably harmed, unless Defendants are enjoined and restrained by this Court.

84.     Plaintiffs have no adequate remedy at law because, without limitation:

   a.   the Marks are unique and valuable property that have no readily determinable market value;

   b.   if Defendants' willful efforts to mislead consumers are allowed to continue, the public will become further confused, mistaken, or deceived, as to the source, origin,

18

affiliation, connection, association, approval, and/or sponsorship of the parties and their respective products and services; and

c.   Defendants' willful misconduct and damage to Plaintiffs is ongoing.

85.     Plaintiffs are entitled to damages for Defendants' willful false designation of origin, and unfair competition, and an injunction requiring Defendants to change the address listed, prohibiting Defendants from misdirecting consumers through purchasing of search words, and prohibiting Defendants from referring to themselves as related to, affiliated with, or a sister company to "American Standard" in the United States.

## SECOND CAUSE OF ACTION

### Statutory Unfair Competition under N.J. Stat. Ann. § 56:4-1

86.     Plaintiffs repeat and re-allege the allegations set forth above as though fully set forth herein.

87.     Defendants' conduct alleged herein constitutes unfair competition under New Jersey Stat. Ann § 56:4-1.  In wanton disregard for Plaintiffs' intellectual property rights, Defendant has engaged in conduct that constitutes an appropriation for its own use of the AMERICAN STANDARD and SAFETY TUBS name, brand, trademarks, reputation, and goodwill in whose goods Defendants deal.  Upon information and belief, Defendants have profited from this misleading conduct and have declined to stop such conduct.

88.     Defendants' conduct has directly and proximately caused and will continue to cause Plaintiffs damage, as well as substantial and irreparable injury, including customer confusion, injury to their reputation, and diminution in value of its intellectual property and, unless restrained will continue to seriously and irreparably impair further the value of the Marks, for which there is no adequate remedy at law.

89.     Under N.J. Stat. Ann. § 56:4-2, Plaintiffs are entitled to damages and an injunction restraining Defendants from engaging in further such unlawful conduct.  In light of the foregoing, Plaintiffs are also entitled to treble damages.

## THIRD CAUSE OF ACTION

### Unfair Competition – New Jersey Common Law

90.     Plaintiffs repeat and re-allege the allegations set forth above as though fully set forth herein.

91.      On information and belief, Defendants used the Marks.  Defendant's conduct alleged herein constituted efforts to mislead the public as to the origin or association of goods in connection with the advertising or sale of goods in commerce.  These activities created a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of them with Plaintiffs, or as to the origin, sponsorship, or approval of their services by Plaintiffs in the eyes of the consuming public.  Defendants' conduct was likely to induce consumer to believe, contrary to fact, that their goods were sponsored, endorsed, approved by, or connected with Plaintiffs.  Indeed, Defendants' conduct did in fact cause consumers to be confused as to the origin of Defendants' goods, incorrectly believing Defendants' goods to be Plaintiffs'.

92.     Defendants' conduct was willful, deliberate, and intended to confuse the public and injure Plaintiffs; further, Defendants' conduct was intended to injure Plaintiffs and was carried on by Defendants with a willful and conscious disregard of Plaintiffs' rights.

93.     Defendants' conduct as alleged above constitutes unfair competition under New Jersey common law.

94.     Defendants' conduct as alleged above has caused damage to Plaintiffs in an amount to be determined at trial, and unless restrained, will result in a continued risk of seriously and

irreparably impairing further the value of the Marks, for which there is no adequate remedy at law. On information and belief, Defendants have profited from this activity and declined to cease this behavior.

95.     Plaintiffs are entitled to an injunction requiring Defendants to change the address listed, prohibiting Defendants from misdirecting consumers through purchasing of search words, and prohibiting Defendants from referring to themselves as related to, affiliated with, or a sister company to "American Standard" in the United States; Plaintiffs are further entitled to recover from Defendants all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result thereof, as well as the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendants as follows:

1. For an order permanently enjoining and restraining Defendants, and their respective affiliates, subsidiaries, parents, officers, directors, agents, servants, attorneys, employees, assigns, distributors, retailers, and wholesalers, and all persons in active concert or participation with either of them from, anywhere in the United States:

   a. Using an address intended to confuse consumers with Plaintiffs, and requiring that they change any address currently listed incorrectly with that intent;

   b. Engaging in conduct intended to misdirect consumers through the use of search words;

   c. Referring to themselves as related to, affiliated with, or a sister company of "American Standard";

    d.  Engaging in any activity that is intended to, or has the effect of, causing Defendants or any other person to unfairly compete with Plaintiffs in any way; and

    e.  Forming or causing to be formed any corporation, partnership, association, or other entity for the purpose of engaging in any of the above activities, or for evading, avoiding, circumventing, or otherwise violating the prohibitions set forth above.

2.  For a judgment that:

    a.  Defendants have violated Section 43(a) of the Lanham Act;

    b.  Defendants have violated N.J. Stat. Ann. § 56:4-1;

    c.  Defendants have violated New Jersey common law against unfair competition; and

    d.  Defendants acted in bad faith, willfully, intentionally, and/or with reckless disregard to Plaintiffs' rights.

3.  For an order requiring Defendants to account for and pay over to Plaintiffs all profits realized by their wrongful acts and directing that enhanced damages be awarded, since Defendants' actions were willful.

4.  For an order awarding Plaintiffs their costs and reasonable attorneys' fees and investigative fees and expenses, together with prejudgment interest.

5.  For an order granting Plaintiffs such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs AS America, Inc., AS IP Holdco, LLC, and Safety Tubs Company, LLC respectfully demand a trial by jury on all claims and issues so triable.


Dated: February 8 2017                    VENABLE LLP



By: *s/  Gianna E. Cricco-Lizza*

Marcella Ballard (*Pro Hac Vice* pending)
Email:      MBallard@venable.com
Gianna E. Cricco-Lizza
N.J. Bar No.: 900072012
Email:      GECricco-Lizza@Venable.com
1270 Avenue of the Americas, 25th Floor
New York, NY 10020
Telephone:      (212) 307-5500
Facsimile:      (212) 307-5598

*Attorneys for Plaintiffs AS America, Inc., & AS IP Holding Company, LLC, and Safety Tubs Company, LLC*